UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY, THE TRAVELERS INDEMNITY COMPANY OF AMERICA and CHARTER OAK FIRE INSURANCE COMPANY,<br><br>*Plaintiffs,*<br>v.<br><br>THE CONTINENTAL INSURANCE COMPANY successor by merger to THE GLENS FALLS INSURANCE COMPANY and CONTINENTAL CASUALTY COMPANY,<br><br>*Defendants.* | Civil Action<br>No. 1:22-CV-03132-JGK |

## CONFIDENTIALITY STIPULATION AND ~~PROPOSED~~ PROTECTIVE ORDER

WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party or non-party, may designate, in whole or in part, any document or information produced by such party or non-party, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated as confidential will be stamped "CONFIDENTIAL" by the producing party.

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action and shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose.

3. If counsel for a party receiving documents or information designated as "CONFIDENTIAL" hereunder objects to such designation of any or all of such items, the following procedure shall apply:

    a. Counsel for the objecting party shall serve on the designating party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection, within thirty (30) days of receipt. Counsel for the designating party shall respond in writing to such objection within thirty (30) days, and shall state with particularity the grounds for asserting that the document or information is Confidential Information. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

    b. If a dispute as to a "CONFIDENTIAL" designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially in accordance with Local Civil Rule 37.2 before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as Confidential Information pending resolution of the dispute.

Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4.   Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

   a.   Outside counsel (herein defined as any attorney at the parties' outside law firms retained for purposes of this action) and relevant in-house counsel for the parties;

   b.   Employees of such counsel assigned to and necessary to assist in the litigation;

   c.   Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

   d.   The Court (including other persons having access to any Confidential Information by virtue of his or her position with the Court). This Order is not binding on the Court or Court personnel. The Court reserves the right to amend it at any time.

   e.   Any deponent may be shown or examined on any information, document or thing designated "CONFIDENTIAL" if it appears that the witness authored or received a copy of it and/or was involved in the subject matter described therein, or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

   f.   Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic and clerical employees whose duties and responsibilities require access to such materials;

   g.   Reinsurers of the subject policies or retrocessionaires of said reinsurers, reinsurance intermediaries, accountants, auditors and regulators; and

   h.   The parties, which include, but are not limited to, designated agents of the parties. In the case of parties that are corporations or other business entities, "party" shall also mean all executives and employees of the corporation or business entity who are required to participate in decisions with reference to this lawsuit.

5.   Prior to disclosing or displaying the Confidential Information to any person identified in Paragraph 4(c), (e), (f) and (g), the party disclosing the Confidential Information must:

   a.   Inform the person of the confidential nature of the information or documents; and

   b.   Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person.

6.   Confidential Information shall be used only by individuals permitted access to it under Paragraph 4. Confidential Information, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) the party asserting confidentiality provides a limited waiver of confidentiality so as to allow disclosure to an individual other than those described in Paragraph 4, or (b) the Court orders such disclosure.

7.   With respect to any depositions that involve a disclosure of Confidential Information, any party to this litigation shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 4(a), (b), (c), (d), (f), (g) and (h) above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 4(a), (b), (c), (d), (f), (g) and (h) above and the deponent during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 2 and 4.

8. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated as Confidential Information within 30 days after disclosure. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

9. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not, by itself, constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege, if appropriate, within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

10. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a

review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

11. If a party wishes to serve or file with the Court in this litigation any document to which Confidential Information is appended or in which Confidential Information is contained or described, the party wishing to serve or file such Confidential Information (the "Offering Party") shall follow the Court's procedures for requests for filing under seal. Simultaneously with its service and filing, the Offering Party shall also notify the party or non-party that produced such Confidential Information and identify the specific Confidential Information sought to be served and filed under seal. Thereafter, the Confidential Information shall remain under seal unless the Court directs otherwise, in accordance with the Court's procedures for requests for filing under seal.

12. This Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Order is being entered without prejudice to the right of any party to move the Court for modification of, or for relief from, any of its terms.

13. This Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

14. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files and that the parties may maintain complete copies of documents and things containing Confidential Information in order to comply with the parties' respective document retention policies and/or to provide such documents and

things to the individuals described in Paragraph 4(g), as needed at any time, on the condition that those files will remain protected subject to the provisions of this Order.

15. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

SO STIPULATED AND AGREED.

Dated: 3/24, 2023

By: /s/
Stephen V. Gimigliano
Christopher K. Kim
GIMIGLIANO MAURIELLO & MALONEY
A Professional Association
163 Madison Avenue
P.O. Box 1449
Morristown, New Jersey 07962-1449
(973) 946-8360
sgimigliano@lawgmm.com
ckim@lawgmm.com
Attorneys for Plaintiffs
The Travelers Indemnity Company,
The Travelers Indemnity Company of America
and Charter Oak Fire Insurance Company

By: /s/
Eileen T. McCabe
R. James Bradford
MENDES & MOUNT, LLP
750 Seventh Avenue
New York, New York 10019
(212) 261-8000
eileen.mccabe@mendes.com
james.bradford@mendes.com
Attorneys for Defendants
The Continental Insurance Company
successor by merger to the Glens Falls
Insurance Company and
Continental Casualty Company

SO ORDERED,

HON. JOHN G. KOELTL, U.S.D.J.

7